## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **NELSON LORA-PENA**<br>Plaintiff, | )<br>)<br>)<br>) |
| vs. | )<br>) Civil Action No. _____<br>) |
| **Federal Bureau of Investigation,**<br>**United States Marshal Service,**<br>**Deputy US Marshal-Robert Denney,**<br>**Deputy US Marshal-Jack Leo,**<br>**Deputy US Marshal-William David,**<br>**Sup. Dep. US Marshal-Thomas Davis,**<br>**Fugitive Apprehension Task Force,**<br>**Task Force Officer-Fletcher,**<br>**Task Force Officer-Daily,**<br>**Task Force Officer-Bowers,**<br>**State Police Trooper-Hahn, et al.**<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **COMPLAINT FOR PERMANENT**<br>**MEDICAL AND PHYSICAL**<br>**DAMAGES (42 U.S.C. § 1983)** |

06 - 4 4 2

2006 JUL 20 PM 2:39
BD scanned
FILED CLERK U.S. DISTRICT COURT DISTRICT OF DELAWARE

### INTRODUCTORY STATEMENT

1.    This is an action for damages sustained by federal officers upon a lawful permanent resident of the United States, and against the **Federal Bureau of Investigation (F.B.I.)**, **United States Marshal Service (U.M.S.M.)**, **Deputy US Marshal-Robert Denney**, **Deputy US Marshal-Jack Leo**, **Deputy US Marshal-William David**, **Sup. Dep. US Marshal-David Thomas**, **Fugitive Apprehension Task Force Of Delaware (F.A.T.F.)**, **Task Force Officer-Fletcher (T.F.O.)**, **Task Force Officer-Daily (T.F.O.)**, **Task Force Officer-Bowers (T.F.O.)**, **Task Force Officer-Hahn (T.F.O.)**, **et al.**, who is, and was, involved in any which way, unlawfully assaulted and excessively used physical force, causing severe bodily injuries and lacerations to the head, face and bodily, leaving the plaintiff with permanent physical and medical damages and payments.

2.    The action is against the **FBI**, **USM Service**, and the **FATF of Delaware**, **et al.**, as the supervisory officer responsible for the conduct of the defendants and for the **FBI, USM**, and the **FATF of Delaware, et al.**, for failure to take corrective action with respect to federal personnel whose vicious propensities were notorious, to assure proper training of the

federal, state and local rules, and supervision of the personnel, or to implement meaningful procedures to discourage lawless official conduct, and against the **FBI**, **USM Service**, **FATF of Delaware**, **et al.**, and it's personnel, which is sued as a person under **42 U.S.C. § 1983**.

## JURISDICTION

3.  This action is brought pursuant to **42 U.S.C. §§ 1983**, and the **Fifth**, **Eighth**, and **Fourteenth Amendments** to the Constitution of the United States.

4.  This Court has subject matter jurisdiction of the action under **28 U.S.C. §§ 1331**, **1343(a)(3), (4)**.

5.  This Court may also exercise supplemental jurisdiction over the plaintiff's state and federal law claims that arise from the same facts and circumstances under **28 U.S.C. § 1367**.

## PARTIES

6.  Plaintiff, **Nelson Lora-Pena**, was a resident of Delaware, and at all times relevant to the allegations of this complaint was a resident of the county of Delaware.

7.  At all times relevant to this action, defendant, **DUSM-Jack Leo**, was a federal officer employed by the **USM Service** for the **FBI**, to perform duties in the county of Delaware and was assigned to the **FATF of Delaware**.

    a.  At all relevant times, this defendant was acting as the agent, servant, and employee for the **FBI**; **USMS**; and the **FATF of Delaware** for the county of Delaware.

    b.  This defendant is sued individually and in his official capacity.

8.  At all times relevant to this action, defendant ``**DUSM-William David**" was a federal officer employed by the **FBI**. ``**DUSM-William David**'' was assigned to the **FATF of Delaware** from the **USM Service**.

    a.  At all relevant times this defendant was acting as the agent, servant, and employee of the **FBI** in the County of Delaware for the **FATF of Delaware**.

    b.  This defendant is sued individually and in his official capacity.

9.  At all times relevant to this action, defendant **Supervisor Deputy US Marshal-Robert Denney (SDUSM)**, was the duly appointed Supervisor of the **USM Service** for the county of Delaware, superceding the **FATF of Delaware**. In this capacity, the **FBI**, **USM Service** was:

a.   The commanding officer of defendants, **DUSM-Jack Leo, DUSM-William David, DUSM-David Thomas, TFO-Fletcher, TFO-Daily, TFO-Bowers, TFO-Hahn,** and **SDUSM-Robert Denney, Task Force Officer-Fletcher, Task Force Officer-Daily, Task Force Officer-Bowers, State Police Trooper-Hahn, et al.**, is responsible for their training, supervision, regulations, and conduct.

b.   Responsible by law for enforcing the regulations, training, supervision, and conduct of the **USM Service** and the **FATF of Delaware**, are the **FBI**, and for ensuring that the **USM Service** and the **FATF of Delaware**, for and in  the Delaware County federal personnel obey the laws of the State of Delaware and of the United States.

c.   Acting as the agent, servant, and employee of the defendant County of Delaware. This defendant is sued individually and in their official capacity.

10.  The defendant **FBI** and **USM Service**, is a municipal corporation within the State of Delaware and, at all relevant times, it employed the other defendants in this action.

11.  At all relevant times and in all their actions, the defendants were acting under color of law and pursuant to their authority as federal personnel.

## FACTUAL ALLEGATIONS

12.  On **April 9, 2005**, at about **1:30 P.M.**, plaintiff was at home in **Newark, Delaware**.

13.  While plaintiff was at home with his two puppy-pitbulls and cleaning his house, plaintiff heard a loud banging  on the front "**storm**" door, located in front of the house.

14.  When the plaintiff went to investigate the loud banging on the front storm door, plaintiff saw a person -the defendant **DUSM-William David**- with a weapon. At this point, defendant **DUSM-William David** made a hand gesture to the plaintiff in a silent mode to "**come here**," never identifying himself as a federal agent. Plaintiff then ran with fear and for the safety of life, family, and property.

15.  The plaintiff panicked for fear of his life and ran to the back "**glass sliding**" door, located in the back of the house that leads to the backyard.

16.  Upon reaching the glass sliding door, two more defendants with weapons drawn, **USM-David Thomas** and **SDUSM-Robert Denney**, was blocking the

plaintiffs way to the backyard. Plaintiff then ran back through his house and into his **master bedroom** and looked out the window where he saw the defendants **USM-David Thomas** and **SDUSM-Robert Denney**, in his backyard screaming. The defendants **USM-David Thomas** and **SDUSM-Robert Denney**, saw the plaintiff looking out the window. There were five (5) other federal, state, and local officers, who were surrounding and securing the plaintiff's house inside and out, including defendant **DUSM-Jack Leo**, who appeared in the plaintiff's bedroom **hallway**.

17. The plaintiff was grabbed by **DUSM Jack Leo** while holding a live weapon and never identifying himself as a federal agent, and then tackled the plaintiff into the wall of the hallway of the bedrooms and then thrown to the living room where plaintiff fell and curled up in a ball position and where the defendant **DUSM Jack Leo** repeatedly punched and kicked the plaintiff in the face, head, and body.

18. In doing so, defendant **DUSM-Jack Leo**, continued to punch the plaintiff in the face, head, and body causing the plaintiff extreme alarm and distress both mentally and physically.

19. The plaintiff was then handcuffed while still unconscious for several minutes before he woke and found himself in his underwear and transported to the **emergency entrance** of the "**Christiana Hospital**," by two Delaware local police officers and was received at the hospital by **DUSM-Jack Leo**. **DUSM-William David**," **SDUSM-Robert Denney**, **USM-David Thomas**, **TFO-Fletcher**, **TFO-Daily**, **TFO-Bowers**, **TFO-Hahn**, and **et al**.

20. The actions described above were committed by the defendant **DUSM-Jack Leo**. **DUSM-William David**, **SDUSM-Robert Denney**, **USM-David Thomas**, **TFO-Fletcher**, **TFO-Daily**, **TFO-Bowers**, **TFO-Hahn**, and **et al.**, in conjunction with other federal, state, and local police officers were in full view of the defendant **DUSM Jack Leo**'s brutal, excessive, and unlawful assault taking place in the plaintiffs home.

21. As a result of the misconduct described above, plaintiff experienced public humiliation, severe emotional distress, pain and suffering, incurred expenses, medical fees, broken eye socket, broken jaw, facial scars, dysfunctional sensation and disfigured lip, and a chipped tooth.

22. The plaintiff was also physically injured as a result of the conduct described in this complaint.

23. Despite knowledge of these arrest and tactic practices, the defendants did not correct their abuse of authority, or to discourage their unlawful use of authority.

24. The failure of defendants **FBI** and **USM Service** in the county of Delaware, failed to properly train defendants **SDUSM-Robert Denney**, **USM-Thomas Davis**, **DUSM-William David**, **TFO-Fletcher, TFO-Daily, TFO-Bowers, TFO-Hahn, et al.**, and **DUSM-Jack Leo**, which included the failure to instruct them in applicable provisions of the Federal and State Penal Law of the State of Delaware and the proper and prudent use of force.

25. Defendants **FBI** and **USM Service** authorized and tolerated the practices and regulations ratified by the misconduct detailed above by:

    a. Failing to properly discipline, restrict, and control employees, including defendants **SDUSM-Robert Denney**, **USM-Thomas Davis**, **DUSM-William David**, **TFO-Fletcher, TFO-Daily, TFO-Bowers, TFO-Hahn, et al.**, and **DUSM-Jack Leo**, known to be irresponsible in their dealings with citizens of the community;

    b. Failing to take adequate precautions in the hiring, promotion, and retention of federal, state or local police personnel, including specifically defendants **SDUSM-Robert Denney**, **USM-Thomas Davis**, **DUSM-William David**, **TFO-Fletcher, TFO-Daily, TFO-Bowers**, **TFO-Hahn, et al.**, and **DUSM-Jack Leo**;

    c. Failing to forward to the office of the District Attorney of the county of Delaware, evidence of criminal acts committed by federal, state or local police personnel; and

    d. Failing to establish or assure the functioning of a bona fide and meaningful departmental system for dealing with complaints of federal, state or local police misconduct, but instead responding to these types of complaints with bureaucratic power and official denials calculated to mislead the public.

26. The conduct of defendants **FBI** and **USM Service** also constitutes gross negligence under federal and state law.

27. As a consequence of the abuse of authority detailed above, plaintiff sustained the damages alleged above.

## FEDERAL THEORIES OF RECOVERY

28. The actions and omissions described above, engaged in under color of federal and state authority by the defendants (including defendant County, sued as a person and responsible because of its authorization, condonation, and ratification of the acts of its agents), deprived the plaintiff of rights secured to him by the Constitution of the United States, including, but not limited to, the plaintiff's:

    **a.**    Fifth Amendment right to due process;

    **b.**    Eighth Amendment right to be free from cruel and unusual punishment; and

    **c.**    Fifth and Fourteenth Amendment rights to due process of law, including the right to be free from unjustified and excessive force utilized by federal, state or local police;

## STATE LAW THEORIES OF RECOVERY

**29.**    The acts and conduct alleged above constitute actionable torts under the laws of the State of Delaware, including the tort of:

    **a.**    Excessive use of force,

    **b.**    Assault and battery,

    **c.**    Malicious arrest and procedure,

    **d.**    Abuse of process,

    **e.**    Negligence,

    **f.**    Gross negligence,

    **g.**    Misconduct of federal, state or local rules and regulations,

    **h.**    Public humiliations of the private parts,

    **i.**    Violations of the FBI and USM Service laws, rules and regulations; and

    **j.**    Violation of the Constitution of the United States.

## PRAYER

Plaintiff demands the following relief:

**1.**    **That this Court evaluate this case and see that it is prima facie cause of action that this complaint be treaded as it is due de jure.**

**2.**    **All expenses for medical and physical care be paid by responsible parties.**

3.   The sum of $25,000,000 dollars, be paid jointly, or the sum of $500,000 dollars, each be paid by the Federal Bureau of Investigation, United States District of Delaware, United States Marshal Service, Fugitive Apprehension Task Force, Supervisor Deputy United States Marshal Robert Denney, Deputy United States Marshal Jack Leo, Deputy United States Marshal William David, Deputy United States Marshal David Thomas, State and Local Police Officers of the District of Delaware, Task Force Officer Hahn, Task Force Officer Bowers, Task Force Officer Daily, and Task Force Officer Fletcher.

4.   The sum of $3,500,000 dollars each be paid by the Federal Bureau of Investigation, United States District of Delaware, United States Marshal Service, Fugitive Apprehension Task Force, Supervisor Deputy United States Marshal Robert Denney, Deputy United States Marshal Jack Leo, Deputy United States Marshal William David, Deputy United States Marshal David Thomas, State and Local Police Officers of the District of Delaware, Task Force Officer Hahn, Task Force Officer Bowers, Task Force Officer Daily, and Task Force Officer Fletcher.

5.   For the continues traumatic drama, pain, suffering, cruel and unusual punishment, and inhumane and unlawful assault upon the plaintiff, Nelson Lora-Pena, which violated all the essential ingredients that are necessitated to fulfill the Constitutional requirements that the Constitution of the United States guarantees to each person regardless of his race, color, economical or social status.

I respectfully request that this Honorable Court grant the monetary amount of money to this plaintiff after trial with an impartial jury, be effectuated in behalf of this plaintiff, Nelson Lora-Pena.

The foregoing is true to the plaintiff's recollection under the penalty of perjury pursuant to the provision Titles of **28 U.S.C. § 1746**.

Dated: _07-14-06_____

Respectfully,

_Nelson Lora pena_

Submitted by:    Nelson Lora-Pena
I.D.# 03883 - 070
U.S.P. Canaan
P.O. Box: 300
Waymart, PA 18742

_Margaret M. Trently_

NOTARIAL SEAL
Margaret M. Trently, Notary Public
City of Honesdale, Wayne County
My commission expires July 22, 2009



CERTIFIED MAIL™

7002 3150 0000 1048 4762

ELSON LORA-PENA
8883-070
TED STATES PeNiTENTiARY
CANAAN
BOX 300
WAYMART, PA. 18472

UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
LOCK BOX 44
844 KING STREET
WILMINGTON, DELAWARE 19801



LEGAL MAIL

CONFIDENTIAL

LEGAL MAIL