IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NELSON LORA-PENA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 06-442-SLR |
| | ) | |
| FEDERAL BUREAU OF | ) | |
| INVESTIGATION, UNITED STATES | ) | |
| MARSHAL SERVICE, DEPUTY U.S. | ) | |
| MARSHAL ROBERT DENNEY, DEPUTY | ) | |
| U.S. MARSHAL JACK LEO, DEPUTY | ) | |
| U.S. MARSHAL WILLIAM DAVID, | ) | |
| SUP. DEP. U.S. MARSHAL THOMAS | ) | |
| DAVIS, FUGITIVE APPREHENSION | ) | |
| TASK FORCE, TASK FORCE | ) | |
| OFFICER FLETCHER, TASK FORCE | ) | |
| OFFICER DAILY, TASK FORCE | ) | |
| OFFICER BOWERS, and STATE | ) | |
| POLICE TROOPER HAHN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Plaintiff Nelson Lora-Pena, an inmate at USP-Canaan,

Waymart, Pennsylvania, filed this civil rights action pursuant to

42 U.S.C. § 1983.  Plaintiff alleges violations of his Fifth,

Eighth, and Fourteenth Amendment rights occurred on April 9,

2005[1].  He also raises supplemental state claims.  Plaintiff

appears pro se and has paid his filing fee.  The court proceeds

to review and screen the complaint pursuant to 28 U.S.C. § 1915A.

For the reasons discussed below, the Federal Bureau of

---

[1]On that date, plaintiff was arrested on an outstanding warrant issued
from the U.S. District Court for the District of Rhode Island for violation of
supervised release.  See United States v. Lora-Pena, Crim. No. 05-115-KAJ (D.
Del.)

Investigation ("FBI"), the United States Marshal Service

("USMS"), and the Fugitive Apprehension Task Force will be

dismissed from the complaint by reason of sovereign immunity

pursuant to 28 U.S.C. § 1915A(b)(2).

## I.  THE COMPLAINT

Plaintiff alleges he heard banging on his front door.  When

he investigated, defendant William David ("David"), a Deputy U.S.

Marshal who was carrying a weapon, hand-gestured for plaintiff to

"come here".  (D.I. 1 at ¶ 13)  David did not identify himself as

a federal agent.  Plaintiff attempted to leave the premises via

the back door, but it was blocked by defendants U.S. Marshal

David Thomas ("Thomas")[2] and Deputy U.S. Marshal Robert Denney

("Denney"), both of whom had their weapons drawn.  Id. at ¶ 16.

Plaintiff alleges he ran through his house and, through the

window, he saw Thomas and Denney outside, screaming.  He alleges

Thomas and Denney also saw him through the window.  Plaintiff

alleges there were five other federal, state and local officers,

both inside and out, who surrounded and secured the premises.

Id.

Plaintiff alleges that defendant Deputy U.S. Marshal Jack

Leo ("Leo") appeared in his bedroom hallway and that Leo grabbed

and tackled plaintiff, all the while holding a live weapon and

---

[2]The body of the complaint refers to David Thomas and the caption of the complaint refers to Thomas Davis.  They appear to be the same person.

-2-

never identifying himself as a federal agent.  Id. at ¶ 16-17.

Plaintiff alleges that Leo repeatedly punched and kicked him in

the face, head, and body.[3]  Id. at ¶ 17-18.  Plaintiff alleges

the acts described were committed by Leo, David, Denney, Thomas,

Fletcher, Daily, Bowers, and Hahn "in conjunction with other

federal, state and local police officers. . .in full view of. .

.Leo's brutal, excessive, and unlawful assault taking place in

the plaintiff's home."  Id. at ¶ 20.  Plaintiff alleges he was

handcuffed and taken by two Delaware police officers to the

emergency room of Christiana Hospital where he was received by

Leo, David, Denney, and Thomas, as well as defendants Task Force

Officers Fletcher, Daily, Bowers, and Hahn.  Id. at ¶ 20.

Plaintiff also names as defendants the FBI, the USMS, and

the Fugitive Apprehension Task Force of Delaware as the

supervisory officers responsible for the conduct of the

defendants.  Plaintiff alleges the FBI and the USMS failed to

properly train the defendants and authorized and tolerated the

practices and regulations ratified by the misconduct of

defendants.

## II.  STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, a district court must screen a

prisoner's civil complaints against government officials,

---

[3]Excessive force claims arising out of an arrest are analyzed under the
Fourth Amendment reasonableness standard.  Graham v. Connor, 490 U.S. 386
(1989).  Failure to protect claims in the arrest context are also analyzed
under the Fourth Amendment.

employees or entities, and must dismiss the complaint if it is
frivolous, malicious, fails to state a claim upon which relief
can be granted or seeks monetary relief from a party who is
immune from such relief.  While the Third Circuit has not ruled
on the issue, other courts of appeals have found that this
screening provision applies regardless of whether the prisoner
paid the filing fee.  See Carr v. Dvorin, 171 F.3d 115, 116 (2d
Cir. 1999) (per curiam) (joining Fifth, Sixth, and Tenth
Circuits); Lewis v. Estes, No. 00-1304, 2000 WL 1673382 at *1
(8th Cir. 2000); Rowe v. Shake, 196 F.3d 778, 781 (7th Cir. 1999).
The screening provision is intended to be applied sua sponte, and
is to be done as soon as practicable.  Carr, 171 F.3d at 116.

The court must "accept as true factual allegations in the
complaint and all reasonable inferences that can be drawn
therefrom."  Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing
Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)).
Additionally, pro se complaints are held to "less stringent
standards than formal pleadings drafted by lawyers" and can only
be dismissed for failure to state a claim when "it appears
'beyond doubt that the plaintiff can prove no set of facts in
support of his claim which would entitle him to relief.'"  Haines
v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson,
355 U.S. 41, 45-46 (1957)).  Inasmuch as plaintiff proceeds pro
se, the court construes the complaint liberally.  Haines v.

-4-

Kerner, 404 U.S. 519, 520 (1972).

## III.  DISCUSSION

When bringing a § 1983 claim, a plaintiff must allege that
some person has deprived him of a federal right, and that the
person who caused the deprivation acted under color of state law.
West v. Atkins, 487 U.S. 42, 48 (1988).  A civil rights claim
against a federal defendant is governed by Bivens v. Six Unknown
Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389
(1971).  In Bivens, the Supreme Court created a federal tort
counterpart to the remedy created by 42 U.S.C. § 1983 as it
applies to federal officers.  To state a claim under Bivens, a
claimant must show:  (1) a deprivation of a right secured by the
Constitution and laws of the United States; and (2) that the
deprivation of the right was caused by an official acting under
color of federal law.  See Mahoney v. National Org. for Women,
681 F. Supp. 129, 132 (D. Conn. 1987) (citing Flagg Brothers,
Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)).

Plaintiff names as defendants the FBI and the USMS.  It is
well established that the United States and its agencies are
generally immune from liability unless their sovereign immunity
is expressly waived.  United States v. Mitchell (I), 445 U.S.
535, 538 (1980).  A waiver of sovereign immunity cannot be
implied but must be unequivocally expressed.  Id. (citing United
States v. King, 395 U.S. 1, 4 (1969)).  Moreover, "[i]t is

-5-

axiomatic that the United States may not be sued without its
consent and that the existence of consent is a prerequisite for
jurisdiction." United States v. Mitchell (II), 463 U.S. 206, 212
(1983). The USMS, as well as the FBI, as agencies of the United
States, are therefore entitled to sovereign immunity. Jaffee v.
United States, 592 F.2d 712, 717-18 (3d Cir. 1979); Delgado v.
Detention Center, 839 F. Supp. 345, 346 (E.D. Pa. 1993).

Plaintiff also names as a defendant the Fugitive Apprehen-
sion Task Force of Delaware as having involvement in the actions
of April 9, 2005. The court takes judicial notice that on the
date in question as alleged by plaintiff, the task force involved
was the USMS Fugitive Task Force[4], not the Fugitive Apprehension
Task Force of Delaware. See United States v. Lora-Pena, Crim.
No. 05-CR-47-KAJ[5], D.I. 2 (D. Del.); http://www.state.de.us/
dsp/siu.htm. The court takes further judicial notice that on
April 9, 2005, plaintiff was arrested on an outstanding warrant
issued from the U.S. District Court for the District of Rhode
Island for violation of supervised release. See United States v.

---

[4]Also known as First State Fugitive Task Force.

[5]As a result of his arrest, plaintiff was indicted on four counts of
assault, resisting, interfering, and impeding a Deputy U.S. Marshal engaged in
the performance of official duties in violation of Title 18, U.S.C. §§ 111(a)
(1) and (b). United States v. Lora-Pena, Crim. No. 05-CR-47-KAJ, D.I. 11 (D.
Del.) Jury trial ensued, plaintiff was found guilty on all four counts, and
sentenced to 87 months of imprisonment as to Counts I through III, and 12
months imprisonment as to Count IV, the sentences to run concurrent. Id. at
D.I. 32, 38. There is an appeal from the final judgment of conviction pending
before the United States Court of Appeals for the Third Circuit. United
States v. Lora-Pena, No. 06-1077 (3d Cir. filed Jan. 10, 2006).

Lora-Pena, Crim. No. 05-115-KAJ (D. Del.).

The USMS Fugitive Task Force consists of the USMS, the Delaware State Police, and other local law enforcement agencies. http://www.state.de.us/dsp/siu.htm.  Delaware State Police liaison officers are federally sworn to enforce federal and/or state laws as the situation dictates.  Id.  The primary mission of the task force is to seek out and apprehend individuals wanted on outstanding federal felony warrants as in the instant case. Id.  Inasmuch as the USMS Fugitive Task Force falls under the umbrella of the USMS and was in the performance of enforcement of federal laws, it is entitled to sovereign immunity.

Moreover, the United States and its governmental entities are not persons and, therefore, not proper defendants in a federal civil rights action.  Accardi v. United States, 435 F.2d 1239, 1241 (3d Cir. 1970); see also Hindes v. F.D.I.C., 137 F.3d 148, 159 (3d Cir. 1998) (federal agency is not a "person" subject to § 1983 liability); Shannon v. United States Parole Comm'n, 1998 WL 557584, at *3 (S.D.N.Y. Sept. 2, 1998) (Bivens claims may not be maintained against federal agencies); Duarte v. Bureau of Prisons, 1995 WL 708427, at *2 (D. Kan. Nov. 3, 1995)(Bureau of Prisons is not a proper defendant in a Bivens action.").  Therefore, the claims against the USMS, the FBI, and the USMS Fugitive Task Force (improperly named as the Fugitive Apprehension Task Force) will be dismissed inasmuch as they are

-7-

not persons within the meaning of civil rights claims and because they are immune from suit.

**IV. CONCLUSION**

NOW THEREFORE, at Wilmington this ⟨⟩ day of September, 2006, IT IS HEREBY ORDERED that:

1.    The defendants Federal Bureau of Investigation, United States Marshal Service, and USMS Fugitive Task Force (improperly named as the Fugitive Apprehension Task Force) are dismissed as parties and the claims against them are dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(2) as they are immune from suit.

2.    The court has identified cognizable excessive force and failure to protect claims claim against defendants Deputy U.S. Marshals Robert Denney, Jack Leo, William David, and Thomas Davis, and Task Force Officers Fletcher, Daily, and Bowers, and State Police Trooper Hahn.    Plaintiff is allowed to PROCEED with these claims.

IT IS FURTHER ORDERED that:

1.    The clerk of the court shall cause a copy of this order to be mailed to plaintiff.

2.    Pursuant to Fed. R. Civ. P. 4(c)(2), (d)(2), and (i) plaintiff shall complete and return to the clerk of the court an **original** "U.S. Marshal-285" form for **defendants Deputy U.S. Marshal Robert Denney, Deputy U.S. Marshal Jack Leo, Deputy**

**U.S. Marshal William David, Sup. Dep. U.S. Marshal Thomas Davis, Task Force Officer Fletcher, Task Force Officer Daily, Task Force Officer Bowers, and State Police Trooper Hahn**, as well as for **the Attorney General of the State of Delaware**, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c), **the United States Attorney for the District of Delaware**, The Nemours Building, 1007 Orange Street, Suite 700, P. O. Box 2046, Wilmington, DE 19899-2046, and **the Attorney General of the United States**, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001. **The plaintiff must also provide the court with copies of the complaint (D.I. 1) for service upon the remaining defendants, the Attorney General for the State of Delaware, the United States Attorney for the District of Delaware, and the Attorney General of the United States. Plaintiff is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms with copies of the complaint have been received by the clerk of the court. Failure to provide "U.S. Marshal 285" forms and copies of the complaint for the remaining defendants, the Attorney General of the State of Delaware, the United States Attorney for the District of Delaware, and the Attorney General of the United States within 120 days of the date of this order may result in the complaint being dismissed or**

**defendants being dismissed pursuant to Fed. R. Civ. P. 4(m).**

3.    Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint (D.I. 1), this order, a "Notice of Lawsuit" form, and a "Return of Waiver" form upon each of the remaining defendants so identified in each 285 form.

4.    Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5.    Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent.  If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6.    No communication, including pleadings, briefs,

-10-

statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7.    **NOTE: \*\*\*** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place.**  An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). **\*\*\***

8.    **NOTE: \*\*\*** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. **\*\*\***


UNITED STATES DISTRICT JUDGE

-11-