IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

NELSON LORNA-PENA,

    Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATIONS,
UNITED STATES MARSHALS SERVICE,
DEPUTY U.S. MARSHAL ROBERT DENNEY,
DEPUTY U.S. MARSHAL JACK LEO,
DEPUTY U.S. MARSHAL WILLIAM DAVID,
SUP. DEPUTY U.S. MARSHAL THOMAS DAVIS,
FUGITIVE APPREHENSION TASK FORCE,
TASK FORCE OFFICERS FLETCHER, DAILY,
and BOWERS, AND STATE TROOPER HAHN,

    Defendants.

Civil Action No. 06-442-SLR

PLAINTIFF'S BRIEF IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS



**Statement of the Case.**

This is a Title 42 U.S.C., Section 1983 action filed by Nelson Lorna-Pena, a federal prisoner currently incarcerated at the United States Penitentiary Canaan ("USP Canaan") seeking monetary damages on the claim that defendants Leo and David maliciously and sadistically used an objectively unreasonable amount of excessive force in effecting his arrest, and defendants Fletcher, Daily, Bowers, and Hahn acted with deliberate indifference to his safety, as they all failed to protect him from said use of force, constituting the unnecessary and wanton infliction of pain. The defendants actions and omissions deprived plaintiff of his due process rights under the Fifth and Fourteenth Amendments to the Constitution, and deprived him of the right to be free from the infliction of cruel and unusual punishment, in violation of the Eighth

Amendment to the Constitution. Defendants have filed a motion to dismiss pursuant to Fed. R. Civ. P., Rule 12(b)(1) as to plaintiff's use of force claim against defendants Leo and David, arguing that Heck v. Humphrey bars this action, and Rule 12(b)(6) arguing plaintiff has failed to state a claim upon which relief can be granted as to his state law tort claim in this action.

**Statement of Facts.**

The plaintiff's affidavit submitted in response to the defendants' motion to dismiss states that on or about April 9, 2005, members of the United States Marshals Service Fugitive Task Force (See Doc. No. 4) appeared at his residence to arrest him, as he was wanted for violating the conditions of his Supervised Release following his release from federal prison after a conviction of violating Title 18 U.S.C., Section 1542 -- False statement on application and use of passport. When the plaintiff saw the members of the Task Force at his front door he disobeyed their hand gestures to "come here" and instead ran about throughout the inside of his residence. Defendant Leo then entered his home where he cornered the plaintiff in his bedroom. Defendant Leo pursued and caught the plaintiff, and a brief struggle ensued, where plaintiff resisted arrest and allegedly assaulted the officers who had arrested him. (Id.) Plaintiff was charged and convicted by a jury of four counts of forcibly assaulting, resisting, and interfering with the officers who arrested him (Id.). Plaintiff alleged in his complaint that defendants Leo and David used excessive and malicious force to subdue him; that defendants Fletcher, Daily, Bowers, Denney, and Hahn failed to protect him during the use of force, and that as result, he sustained numerous physical and psychological injuries as a result of the defendant's actions and omissions.

The defendants' Brief tells a different story. They claim that when they arrived at plaintiff's home to arrest him, he refused to cooperate with them;

that he forcibly resisted and assaulted them; and that they had to beat him because of his continued physical resistence. His injuries, they claim, resulted from his own actions.

## ARGUMENT

### I. STANDARD OF REVIEW.

To decide a motion to dismiss, a court generally should consider "only the allegations in the complaint, exhibits attached to the complaint, matters of public record and court documents that are for the basis of the claim." Lum v. Bank of America, 361 F. 3d 217, 222 (3d Cir. 2004). If a court considers other matters, a motion to dismiss should be converted into a motion for summary judgment. See Pension Benefit Guaranty Corp. v. White Consolidated Industries, 998 F. 2d 1192, 1197 (3d Cir. 2003). Reliance on declarations from prison officials or administrators requires coversion. See Camp v. Brennen, 219 F. 3d 279, 280 (3d Cir. 2000). If a motion to dismiss is converted into a motion for summary judgment, the court must provide notice and an opportunity to oppose the motion. See Hancock Industries v. Schaeffer, 811 F. 2d 225, 229 (3d Cir. 1987).

Moreover, the Supreme Court has stated that a plaintiff with an "arguable" claim should be permitted to amend the complaint before a pending motion to dismiss is ruled on. See Neitzke v. Williams, 490 U.S. 319, 329, 109 S.Ct. 1827 (1989). Lower courts have stated that pro se litigants should receive notice of the deficiencies in their complaints as well as an opportunity to amend them before the complaints are dismissed. McGuckin v. Smith, 974 F. 2d 1050, 1055 (9th Cir. 1992); Platsky v. C.I.A., 953 F. 2d 26, 28 (2d Cir. 1991).

### II. THERE ARE GENUINE ISSUES OF MATERIAL FACT THAT PRECLUDE THE DEFENDANTS' MOTION TO DISMISS ON THE PLAINTIFF'S CLAIM OF EXCESSIVE USE OF FORCE.

Summary judgment is to be granted only if the record before the court shows "that there is no genuine issue as to any material fact and that the moving party

is entitled to judgment as a matter of law." Rule 56(c), Fed. R. Civ. P. A "material" fact is one that "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The affidavit of the plaintiff and the defendants' moving papers to dismiss are squarely contradictory as to what force was used, when it was used, and why it was used. The allegations in the plaintiff's affidavit portray a completely needless use of force against a resident prior to him being subdued and afterwards. There is clearly a genuine issue of fact.

The factual dispute is also material. Under the governing law, whether the use of force by a law enforcement officer violates the Eighth Amendment depends on whether it was "applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm." Hudson v. McMillian, ___ U.S. ___, 112 S.Ct. 995, 998-99 (1992); Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078 (1986). The facts alleged by the plaintiff are evidence that the defendants were acting "maliciously and sadistically to cause harm"; they would support a jury verdict in the plaintiff's favor. See Miller v. Leathers, 913 F. 2d 1085, 1088 (4th Cir. 1990)(en banc)(retaliatory intent could be inferred from officer's action), cert. denied, 111 S.Ct. 1018 (1991); Oliver v. Collins, 914 F. 2d 56, 59 (5th Cir. 1990)(testimony that a beating was completely gratuitous and that no force at all was necessary would support a finding of malice); Lewis v. Downs, 774 F. 2d 711, 714 (6th Cir. 1985)(evidence that an officer kicked a handcuffed person who was lying on the ground showed malicious motivation).

III. PLAINTIFF'S BIVENS CLAIMS ARE NOT BARRED BY HECK AND SHOULD NOT BE DISMISSED BECAUSE A JUDGMENT IN PLAINTIFF'S FAVOR WOULD NOT NECESSARILY IMPLY THE INVALIDITY OF PLAINTIFF'S CONVICTION FOR ASSAULTING DEPUTY MARSHAL LEO.

-4-

The defendant's reliance on Heck v. Humphrey, 512 U.S. 477 (1994), that plaintiff is precluded from claiming Deputy Marshals Leo and David used an objectively unreasonable amount of excessive force when they arrested him is misplaced.

It is uncontested that a plaintiff who has been convicted of a crime who files a complaint alleging Bivens claims, that the court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction; and if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck, 512 U.S. at 487. Although Heck barred a section 1983 action by a state prisoner, the reasoning in Heck cannot be applied to bar Bivens claims like those made in this action.[1] As explained below, Heck does not require plaintiff's Bivens claims to be dismissed.

The defendants claim they are entitled to have their motion to dismiss granted on the basis of collateral estoppel predicated on the finding in the criminal trial at which the jury convicted the plaintiff. In their Brief, they have attempted to make a persuasive argument that Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L. Ed. 2d 383 (1994), governs this case. In Heck v. Humphrey, the Supreme Court made it clear that an action under section 1983 could not be maintained on the basis of events leading to a conviction which has not been reversed or impaired by other official proceedings if a judgment in favor of the plaintiff in the civil case would imply that the conviction was invalid. 114 S.Ct. at 2372.

---

[1] The proceedings in the district court must go forward on the basis that Heck is not a bar in this action, as plaintiff's conviction has not been impaired in any other proceedings such as

-5-

The district court treated plaintiff's inartfully drafted pro se complaint as stating a claim under section 1983 but did not analyze the complaint under the Fourth Amendment reasonableness standard. While the district court was correct, in part, by this approach, the court should grant plaintiff leave to amend his complaint to assert his claims under 1983 and the Fourth Amendment. See Graham v. Connor, 490 U.S. 386, 395, 109 S.Ct. 1865, 1871, 104 L. Ed. 2d 443 (1989); United States v. Johnstone, 107 F. 3d 200, 1997 U.S. App. LEXIS 3245, No. 95-5833, slip op. at 6-9. (3d Cir. Feb. 24, 1997); In re City of Philadelphia Litig., 49 F. 3d 945, 962 (3d Cir.), cert. denied, 133 L. Ed. 2d 116, 116 S.Ct. 176 (1995). A Fourth Amendment reasonableness inquiry is objective, so the question in this case is whether Deputy Marshals Leo and David's actions in effectuating the arrest were objectively reasonable without regard to their underlying intent or motivation. See Johnstone, slip op. at 7.

Plaintiff's trial revealed that the struggle between himself and the officers gave rise to both the plaintiff's assault, resisting, and impeding a deputy U.S. Marshal engaged in the performance of official duties (note - all are intertwined under Title 18 U.S.C., section 111(a)(1) and (b)) conviction and the excessive force claim, as the two are inextricably intertwined. Plaintiff's defense at his criminal trial was that Deputy Marshal Leo and David used excessive force as they relate to the charges. ( Ex   at B-97 - B-98). Thus, Heck does not bar plaintiff's excessive force claim from moving forward in the district court. See Cummings v.

---

reversal on direct appeal, expungement by executive order; a declaration of invalidity in a federal proceeding, or the issuance of a writ of habeas corpus by a federal court under section 2255. See Nelson v. Jashurek, 109 F. 3d 146 (3d Cir. 1997).

City of Akron, 418 F. 3d 676, 683 (2005).

Deputy Marshal Leo tackled him and began beating him "constantly," "for no reason, like it was personal." See supra at 15. Plaintiff's attorney argued to the jury that Deputy Marshal Leo was not acting in his official duty when Deputy Marshal Leo was "pounding" plaintiff, who was "protecting" himself. See Id. at 16. The court then instructed the jury that it could only convict plaintiff if the jury found that each of the officers was acting in the performance of their official duties. See Id at 17. The jury convicted plaintiff of all the charges, including the charge that plaintiff assaulted Deputy Marshal Leo. See Id. By convicting plaintiff the jury had to find that Deputy Marshal Leo and David was acting in the performance of their official duties and, ipso facto, that Deputy Marshal Leo and David was not using excessive force. The defendants contend that a judgment in this instant case, that Deputy Marshal Leo and David using was using excessive force would therefore necessarily imply the invalidity of plaintiff's conviction for assaulting Deputy Marshal Leo while he was in the performance of his official duties and, accordingly, the Bivens claims against Deputy Marshal Leo are barred by Heck.

The defendant's reasoning is misplaced because inasmuch as the jury found the plaintiff guilty and therefore must have concluded that Deputy Marshal Leo and David were justified in using "substantial force," Heck v. Humphrey would bar this action if plaintiff's case depended on a demonstration that Deputy Marshals Leo and David were not justified in using "substantial force" in arresting him. See Nelson v. Jashurek, 109 F. 3d 142, 145 (6th Cir. 1997). The fact that Deputy Marshal Leo and David were justified in using "substantial force" to arrest the plaintiff does not mean that they were justified in using an excessive amount of force and thus does not mean that their actions in effect-

uating the arrest necessarily were objectively reasonable, because there undoubtedly could be "substantial force" which is objectively reasonable and "substantial force" which is excessive and objectively unreasonable. Id.

Finding that Deputy Marshals Leo and David used "excessive substantial force" would not imply that the arrest was unlawful and thus the defendant's example of how Heck v. Humphrey can bar a civil action is not applicable here. Rather, the Supreme Court intended to demonstrate that a civil suit for an unreasonable seizure predicated on a false arrest would be barred so long as a conviction for resisting the same arrest remained unimpaired. See Id. The case at bar is different because the plaintiff does not charge that Deputy Marshals Leo and David falsely arrested him. Instead, the plaintiff charges that Deputy Marshals Leo and David effectuated a lawful arrest in an unlawful manner.

In summary, Heck is not a bar to the plaintiff's assertion of the excessive force claim in the instant suit for damages. Plaintiff's convictions cannot be disturbed whether he was legally or illegally arrested; thus, the relevant question becomes whether or not the arresting officers effectuated a lawful arrest in an unlawful manner, and if they did, whether the plaintiff suffered a compensable injury. See Braxton v. Scott, 905 F. Supp. 455, 458 (N.D. Ohio 1995) (quoting in Shamaeizadeh v. Cunigan, 182 F. 3d 391, 396 (6th Cir. 1999)("Fourth amendment claims under section 1983 may be brought without setting aside the conviction only if success would not undermine the conviction and if the plaintiff alleges a compensable injury other than the conviction").

The court is asked to take note of Simpson v. City of Pickens, 887 F. Supp. 126 (S.D. Miss. 1995). The district court in Simpson held that even if a defendant in a criminal action was convicted validly of resisting arrest, the criminal defendant was not necessarily barred from bringing a section 1983 excessive force

-8-

action under the Fourth and Fourteenth Amendments because "it is possible for a finding that [the defendant] was resisting arrest to coexist with a finding that the police used excessive force to subdue him." Id. at 129.

Accordingly, the facts as presented by the plaintiff may or may not make it difficult for him to establish liability in this case. Nonetheless, a judgment in his favor would not throw the validity of his conviction into doubt. Cf. Smithart v. Towery, 79 F. 3d 951, 952 (9th Cir. 1996)("Because a successful section 1983 action for excessive force would not necessarily imply the invalidity of Smithart's arrest and conviction [for assault with a deadly weapon during a traffic stop], Heck does not preclude Smithart's excessive force claim.").

Consequently, the analogy offered by the defendants is inapposite in the present case as well. Heck v. Humphrey does not bar this case from proceeding.

## IV. PLAINTIFF CONCEDES THAT HIS STATE LAW CLAIMS AGAINST THE UNITED STATES SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

The Federal Tort Claims Act ("FTCA") is the exclusive means to hold the United States liable in tort. 28 U.S.C., section 2679(b)(1)(2006). Plaintiff concedes that his FTCA claims should be dismissed, but without prejudice, because he does not recall alleging that he exhausted his administrative remedies, as the FTCA requires, nor can he complete the burden of establishing that the rudiments of an administrative claim were filed with a federal agency or official. Therefore, plaintiff concedes that his failure to exhaust his administrative remedies deprives the district court of subject matter jurisdcition over his state law tort claims, as the defect cannot be waived by the United States government. See Livera v. First National State Bank of New Jersey, 879 F. 2d 902, at 1194; D'Alessandro v. EEOC, 215 F. Supp. 2d 419, 422 (D. Del. 2002).

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should not be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), but dismissed as to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Date: February 14, 2007

Respectfully submitted,

/s/ Nelson Lorna-Pena
NELSON LORNA-PENA
Reg. No. 03883-070
United States Penitentiary Canaan
P.O. Box 300
Waymart, Pennsylvania 18472

Prepared by:

A Lay Person in Law
United States Penitentiary Canaan
Main Inmate Law Library
P.O. Box 300
Waymart, Pennsylvania 18472

## CERTIFICATE OF SERVICE

I, <u>Nelson Lorna-Pena</u>, hereby certify that I caused the within documents to be served upon:

> Peter T. Dalleo, Clerk
> Clerk, United States District Court
> District of Delaware
> 844 King Street (Lockbox 18)
> Wilmington, Delaware 19801

by sending the same by regular mail, addressed as above, and hand delivered to USP Canaan prison officials ("mail room") for deposit in the United States Post Office, first class posatge paid, at Waymart, Pennsylvania, on March 7, 2007.

*Nelson Lorna-Pena* (signature)
Nelson Lorna-Pena

Nelson Torres-Pena
Reg. No. 03883-070
United States Penitentiary Canaan
P.O. Box 300
Waymart, Pennsylvania 18472



Peter T. Dalleo, Clerk
Office of the Clerk
United States District Court
District of Delaware
844 King Street (Lockbox 18)
United States Courthouse
Wilmington, Delaware 19801

[SPECIAL MAIL]

