IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

NELSON LORNA-PENA,

        Plaintiff,

    v.

FEDERAL BUREAU OF INVESTIGATIONS,
UNITED STATES MARSHALS SERVICE,
DEPUTY U.S. MARSHAL ROBERT DENNEY,
DEPUTY U.S. MARSHAL JACK LEO,
DEPUTY U.S. MARSHAL WILLIAM DAVID,
SUP. DEPUTY U.S. MARSHAL THOMAS DAVIS,
FUGITIVE APPREHENSION TASK FORCE,
TASK FORCE OFFICERS FLETCHER, DAILY,
and BOWERS, and STATE TROOPER HAHN,

        Defendants.

Civil Action No. 06-442-SLR

PLAINTIFF'S AFFIDAVIT IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS



STATE OF PENNSYLVANIA  )
                            ) ss.:
COUNTY OF WAYNE       )

I, Nelson Lorna-Pena, hereinafter "affiant," being first duly sworn, deposes and says:

1. I am the plaintiff in the above-entitled case. I make this affidavit in opposition to defendants' motion to dismiss/summary judgment pursuant to Fed. R. Civ. P. 12(b)(1) & (6), on my claims concerning excessive use of force against me by defendant Jack Leo, and failure to protect by defendants Robert Denney, William David, Thomas Davis, and officers Fletcher, Daily, Bowers, and Hahn.

2. I am a federal prisoner currently incarcerated at the United States Penitentiary Canaan ("USP Canaan"), which is located in Waymart, Pennsylvania.



3.  On July 20, 2006, I filed this civil rights action pursuant to 42 U.S.C. Section 1983. I alleged violations of my Fifth, Eighth, and Fourteenth Amendment rights occurred on April 9, 2005. I also raised supplemental state claims. I appeared pro se and have paid the filing fees. The Court has reviewed and screened my complaint pursuant to 28 U.S.C. Section 1915A, identifying cognizable excessive force and failure to protect claims against defendants Deputy Marshal Robert Denney ("Denney"), Jack Leo ("Leo"), William David ("David"), and Thomas Davis ("Davis") and Task Force Officers Fletcher ("Fletcher"), Daily ("Daily"), and Bowers ("Bowers"), and State Trooper Hahn ("Hahn"), allowing these claims to proceed but dimissing the Federal Bureau of Investigations ("FBI"), the United States Marshals Service ("USMS"), and the Fugitive Apprehension Task Force from the complaint by reason of sovereign immunity pursuant to 28 U.S.C. 1915A(b)(2).

4.  The defendants' opening brief in support of the defendants' motion to dismiss claim, in summary, that (1) a plaintiff who has been convicted of a crime who files a complaint alleging Bivens claims, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the inavlidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck v. Humphrey, 512 U.S. 477, 487 (1994); (2) that plaintiff's Bivens claims are barred by Heck and should be dismissed because a judgment that Deputy Marshal Leo used excessive force when he helped to arrest plaintiff would necessarily imply the invalidity of plaintiff's conviction for assaulting Deputy Marshal Leo, given that plaintiff would have been entitled to defend himself and Deputy Marshal Leo used excessive force. Cummings v. City of

Akron, 418 F.3d 676,684 (6th Cir. 2005); and (3) plaintiff's state law tort claims against the United States should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction, as plaintiff did not allege that he exhausted his administrative remedies, as the Federal Tort Claims Act ("FTCA") requires.

5. The defendants are not entitled to have their motion to dismiss granted because there are genuine issues of material fact to be resolved. These issues are identified in the accompanying Statement of Disputed Factual Issues filed by the plaintiff pursuant to Rule __ of the Local Rules of this district court. The facts are set forth in this affidavit.

6. On or about April 9, 2005, at approximately 1330 hrs., while cleaning my house clad in only undershorts, I heard a "loud banging" on my front door. When I investigated, I saw an individual carrying a firearm later identified to be defendant David, who hand-gestured for me to "come here." Though David had a vest on that said "police," he never identified himself as a federal agent so I disobeyed David's hand-gestures because I was afraid of "home-invaders" who I heard through the media wore police uniforms, and instead ran away, or through my home, in an attempt to leave my home via the back door, but it was blocked by the individuals who were later identified to be defendants Thomas and Denney, both of whom had weapons drawn.

7. At the time all this was occurring I was wanted for alleged violation of the conditions of my Supervised Release following my release from federal prison after a conviction for violating Title 18 U.S.C., Section 1542-False Statement on application and use of passport.

8. As I ran through my home I glanced through the window(s) and saw Thomas and Denney outside, screaming. I assume they saw me through the window too, and there were at least five other federal, state and local law enforcement officers, both inside and out, who had surrounded and secured the perimeter of my house.

9. As I ran into my Master Bedroom defendant Leo suddenly appeared in my bedroom hallway. Leo pursued and caught me, grabbed me and threw me into a wall. Then, without warning, defendant Leo wilfully and without provocation, maliciously and sadistically began using an objectively unreasonable amount of excessive force in effecting my arrest, far greater than required and out of proportion to any threat I may have imposed on him or any other officers at the scene, in that to gain control over me, Leo began to punch me repeatedly with a closed fist, rendering me semi-unconscious, then began to kick me repeatedly in the upper torso, my legs and groin area; and afterwards he flung me into the living room area where he continued to savagely assault me until I fell immediately to the floor. Bleeding profusely from my mouth and ears and while laying curled up in a ball on the floor in an attempt to cover myself from the blows being inflicted upon me, Leo continued, with a weapon in one hand, to punch me until I fell unconscious.

10. While I lay face down on the floor unconscious, one of the defendants put handcuffs on me. In such a position, I was of no danger whatsoever to any of the officers at the scene.

11. As I became semi-conscious and still handcuffed on the floor, defendant Davide acted in malicious and oppressive manner by administering force far in excess of that needed. As I lay handcuffed on the floor, David unnecessarily kicked me in the face. Defendant David's kicking of me was totally unnecessary and motivated by maliciousness.

12. After having me subdued and handcuffed, I was stood up and struck about the face again by defendant Leo, in retaliation for my unflattering and unwelcome remarks about the force he used against me which not only was excessive and unnecessary, but also malicious.

13. Defendants Denney, Fletcher, Daily, Bowers, and Hahn acted with "deliberate indifference" to my safety, as they all stood by watching, failing to intervene in the altercation to prevent or protect me from the aforementioned kicks and blows, and such failure to assist me contributed to or exacerbated my physical injuries, constituting the "unnecessary and wanton infliction of pain" prohibited by the Eighth Amendment.

14. Due to my condition I was led out of the house clad in handcuffs, my undershorts, and a torn up t-shirt, and was placed in a police cruiser where I was rushed by two Delaware police officers to the emergency room of Christiana Hospital where I was met by defendants Leo, David, Denney, Thomas, as well as Fletcher, Daily, Bowers, and Hahn.

15. My medical diagnosis at Christiana Hospital was that while being severally beaten I sustained serious physical injuries which included broken orbital sockets, a broken jaw, swelled eyes, head bleeding in five different places with an underlying hematoma. I also sustained cuts, bruises and abrasions to my lips, face, scalp, and numerous bruises and abrasions to my arms, legs, and torso; and due to being kicked in the groin, I began urinating blood shortly after leaving the hospital.

16. After leaving the hospital, and as a result of my arrest, I was charged and indicted on four counts of assault, resisting, interfering, and impeding a Deputy U.S. Marshal engaged in the performance of offficials duties, in violation of Title 18 U.S.C., Section 111(a)(1) and (b). United States v.

Lorna-Pena, Crim. No. 05-CR-47-KAJ, D.I. 11 (D. Del.). A jury trial ensued, and I was found guilty on all four counts, and was sentenced to 87 months of imprisonment as to Counts I through III, and 12 months imprisonment as to Count IV, the sentences were ordered to run concurrent. Id at D.I. 32, 38. There is an appeal from the final judgment of conviction pending before the United States Court of Appeals for the Third Circuit. United States v. Lorna-Pena, No. 06-1077 (3d Cir. filed January 10, 2006).

17. Contrary to the defendants' moving papers to dismiss my complaint, during the events described in this affidavit, I did not resist or threaten the officers in any fashion. Rather, I was thrown to the floor and curled up in a ball in an attempt to protect my face, body, and legs from the defendants' vicious blows and kicks. Defendant Leo's and David's unprovoked and unnecssary striking and kicking of me in my face and elsewhere on my body, while I was already handcuffed was clearly excessive, as there was simply no reason for this type of conduct on defendant's Leo's and David's part; the striking and kicking could only be deemed malicious. Their actions of using an objectively unreasonable amount of excessive force deprived me of my Fourth, Fifth and Fourteenth Amenment rights under the Constitution.

18. Additionally, defendants Denney, Fletcher, Daily, Bowers, and Hahn, their failure to intervene in order to stop my beating, particularly when I was naked, handcuffed, and defenseless, would provide an ample basis for a jury to conclude that the aforementioned defendants acted with deliberate indifference and therefore violated my Eighth Amendment right under the Constitution.

19. Moreover, and contrary to the defendants' moving papers to dismiss my complaint, the defendants' counsel has provided a fanciful account of an

alleged battle between the federal marshals and myself and my two pit bull dogs that the marshals encountered at my home. If one were to read the Government's Brief, one could only conclude that the four marshals must have sustained serious injuries arresting me and controlling my two "vicious" pit bull <u>puppies</u>. (emphasis added) However, in reality, it was uncontested that the pit bulls did not cause any injury to the marshals or even damage any of the marshals' clothing. In fact, at trial, I testified that the dogs had never bitten anyone and played well with young son and other neighborhood children. At most, I caused two minor scratches to one marshal, who did not require any medical treatment during the time I was being beaten by the defendants.

20.   Finally, the fact that Defendants Leo and David were justified in using "substantial force" to arrest me does not mean that they were justified in using an excessive amount of force and thus does not mean that their actions in effectuating my arrest necessarily were objectively reasonable, as there undoubtedly could be "substantial force" which is objectively reasonable and "substantial force" which is excessive and unreasonable.

21.   The foregoing factual allegations create genuine issues of material facts and will, if proven at trial, entitle me to judgment, as explained in the brief submitted with this affidavit.
///
///
Further Affiant Saith Naught.

<u>SWORN UNDER PENALTY OF PERJURY</u>

Pursuant to 28 U.S.C., Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: February 14, 2007

                                                Respectfully submitted,
                                                /s/ Nelson Lorna-Pena
                                                NELSON LORNA-PENA
                                                Reg. No. 03883-070
                                                United States Penitentiary Canaan
                                                P.O. Box 300
                                                Waymart, Pennsylvania 18472

Prepared by:

A Lay Person in Law
United States Penitentiary Canaan
Main Inmate Law Library
P.O. Box 300
Waymart, Pennsylvania 18472