IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

NELSON LORA-PENA                           :
                                           :
          Plaintiff,                       :
                                           :          Civil Action No. 06-442-SLR
          v.                               :
                                           :
FEDERAL BUREAU OF                          :
INVESTIGATION, UNITED STATES               :
MARSHAL SERVICE, DEPUTY U.S.               :
MARSHAL ROBERT DENNEY,                     :
DEPUTY U.S. MARSHAL JACK LEO,              :
DEPUTY U.S. MARSHAL WILLIAM                :
DAVID, SUP. DEP. U.S. MARSHAL              :
THOMAS DAVIS, FUGITIVE                     :
APPREHENSION TASK FORCE,                   :
TASK FORCE OFFICER FLETCHER,               :
TASK FORCE OFFICER DAILY, TASK             :
FORCE OFFICER BOWERS, and STATE            :
POLICE TROOPER HAHN                        :
                                           :
          Defendants.                      :

**REPLY BRIEF IN SUPPORT OF THE
DEFENDANTS' MOTION TO DISMISS
AND/OR FOR SUMMARY JUDGMENT**

COLM F. CONNOLLY
United States Attorney

By: Seth M. Beausang (I.D. No. #4071)
     Assistant United States Attorney
     1007 N. Orange Street, Suite 700
     Wilmington, Delaware 19801
Dated: March 29, 2007.          (302) 573-6277

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.    STANDARD OF REVIEW ON A MOTION
      FOR SUMMARY JUDGMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.   PLAINTIFF'S *BIVENS* CLAIMS ARE BARRED
      BY *HECK* AND SHOULD BE DISMISSED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      A.    Plaintiff's "Statement Of Disputed Issues" Does
            Not Identify Any Genuine Issues Of Material Fact.. . . . . . . . . . . . . . . . . . 4

      B.    Plaintiff's Affidavit Also Does Not
            Identify Any Genuine Issues Of Material Fact. . . . . . . . . . . . . . . . . . . . . . . 6

      C.    The Cases Plaintiff Cites Are Distinguishable . . . . . . . . . . . . . . . . . . . . . . 11

      D.    Plaintiff's Failure-To-Protect Claims Must Also Be Dismissed . . . . . . . . . . . . 14

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

# TABLE OF AUTHORITIES

**CASES**                                                                 **PAGE**

*Am. Airlines, Inc. v. KLM Royal Dutch Airlines, Inc.*,
    114 F.3d 108 (8th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Ballard v. Burton*,
    444 F.3d 391 (5th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*,
    403 U.S. 388 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

*Braxton v. Scott*,
    905 F. Supp. 455 (N.D. Ohio 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6

*Cummings v. City of Akron*,
    418 F.3d 676 (6th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8-9

*Edwards v. Balisok*,
    520 U.S. 641 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Garrison v. Porch*,
    No. 04-1114 (NLH), 2007 WL 776799 (D.N.J. Mar. 9, 2007) . . . . . . . . . . . . . . . 8-9, 12

*Heck v. Humphrey*,
    512 U.S. 477 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

*Holder v. Ivanjack*,
    93 F. Supp. 2d 933 (N.D. Ill. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Hudson v. Hughes*,
    98 F.3d 868 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Jennings v. Fetterman*,
    No. 06-1058, 197 Fed. App. 162 (3d Cir. Aug. 15, 2006) . . . . . . . . . . . . . . . . . . 9, 12-13

**CASES**                                                                               **PAGE**

*Marathon Ashland Petroleum, LLC. v. Intern. Broth. of Teamsters*,
    300 F.3d 945 (8th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-8

*Nelson v. Jashurek*,
    109 F.3d 142 (3d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11-12

*Okoro v. Callagham*,
    324 F.3d 488 (7th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Shabazz v. Pico*,
    994 F. Supp. 460 (S.D.N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-8

*Shamaeizadeh v. Cunigan*,
    182 F.3d 391 (6th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Simpson v. City of Pickens*,
    887 F. Supp. 126 (S.D. Miss. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Smith v. Mensinger*,
    293 F.3d 641 (3d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Smithart v. Towery*,
    79 F.3d 951 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13-14

*Thompson v. United States Postal Serv.*,
    No. 02-020-SLR, 2002 WL 31833144 (D. Del. Oct. 29, 2002) . . . . . . . . . . . . . . . . . . . . 2

*United States v. Goodwin*,
    440 F.2d 1152 (3d Cir. 1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Heliczer*,
    373 F.2d 241 (2d Cir. 1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Kimes*,
    246 F.3d 800 (6th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Span*,
    970 F.2d 573 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5, 12

*Woods v. Cashier*,
    No. 0:05-2211-DCN-BM, 2006 WL 2385275 (D.S.C. Aug. 17, 2006) . . . . . . . . . . . 8-11

**OTHER AUTHORITIES** **PAGE**

Fed. R. Civ. P. 56 (c) ................................................................ 2

Fed. R. Civ. P. 56(e) ............................................................ 2, 6

18 Pa. Cons. Stat. Ann. § 5104 (West 1983) ...................................... 11

18 U.S.C. § 111 (2006) .......................................................... 3, 13

## PRELIMINARY STATEMENT

The Individual Defendants explained in their Opening Brief that Plaintiff's *Bivens* claims must be dismissed because a judgment in favor of Plaintiff on those claims would necessarily imply the invalidity of his September 16, 2005 convictions on four counts of forcibly assaulting, resisting, and interfering with the officers who arrested him.  In response, Plaintiff points to what he claims are six genuine issues of material fact that preclude summary judgment.  (Pl.'s St. ¶¶ 1-6.)[1]  As explained below, however, Plaintiff's responses only serve to further make clear that if Plaintiff was to succeed on his *Bivens* claims, that would necessarily imply the invalidity of his criminal convictions.  The jury found that it was Plaintiff who assaulted the officers, not the other way around.  Accordingly, Plaintiff's *Bivens* claims must be dismissed because they are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

The Individual Defendants also explained in their Opening Brief that because Plaintiff cannot make out an excessive force claim, he also cannot show that there were any acts from which he needed the protection of the other Individual Defendants.  Plaintiff appears to agree that his failure-to-protect claims must fail if his excessive force claims fail.  Thus, Plaintiff's failure-to-protect claims should also be dismissed.

The United States has been substituted as the sole defendant with respect to Plaintiff's state law tort claims, and Plaintiff concedes those claims must be dismissed for lack of exhaustion.  (Pl.'s Br. at 9.)  Accordingly, all of Plaintiff's claims should be dismissed.

---

[1]Herein, Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss is cited as Pl.'s Br. at ___; Plaintiff's Affidavit in Opposition to Defendant's Motion to Dismiss is cited as Pl.'s Aff. ¶ ___; and Plaintiff's Statement of disputed Factual Issues is cited as Pl.'s St. ¶ ___.  The Opening Brief in Support of Defendants' Motion to Dismiss is cited as Def.'s Op. Br. at ___.

**ARGUMENT**

**I.    STANDARD OF REVIEW ON A MOTION FOR SUMMARY JUDGMENT.**

Once a motion to dismiss is converted to one for summary judgment, as was done here, the Court must grant summary judgment if it concludes that "that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law." *Thompson v. United States Postal Serv.*, No. 02-020-SLR, 2002 WL 31833144, at *1 (D. Del. Oct. 29, 2002) (quoting Fed. R. Civ. P. 56(c)). Plaintiff has the burden to set forth by affidavit or otherwise "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The mere existence of *some* evidence supporting Plaintiff's claims is not sufficient to deny the motion for summary judgment; there must be enough evidence to enable a jury to reasonably to find for the Plaintiff on the material factual issues. *Thompson*, 2002 WL 31833144, at *1 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

In their Opening Brief, the Individual Defendants explained that Plaintiff's *Bivens* claims must be dismissed because a judgment in favor of Plaintiff on those claims would necessarily imply the invalidity of his criminal convictions. To avoid summary judgment then, Plaintiff must set forth by affidavit or otherwise "specific facts" showing that a jury could reasonably find in favor of Plaintiff on his *Bivens* claims without implying the invalidity of his convictions. As explained below, Plaintiff has not met his burden and, accordingly, the Complaint should be dismissed.

2

## II.     PLAINTIFF'S *BIVENS* CLAIMS ARE BARRED BY *HECK* AND SHOULD BE DISMISSED.

The Individual Defendants explained in their Opening Brief that Plaintiff's *Bivens* claims are barred by *Heck* for two reasons.  First, Plaintiff's claim that the Individual Defendants used excessive force when they arrested him is barred by *Heck* because, if that were true, it would mean that the Individual Defendants were not acting in the performance of their official duties, *see, e.g.*, *United States v. Span*, 970 F.2d 573, 581 (9th Cir. 1992) ("An officer who uses excessive force is not acting in good faith."), and the jury that sat for Plaintiff's criminal trial found, unanimously and beyond a reasonable doubt, that the Individual Defendants were acting in the performance of their official duties when they arrested Plaintiff, (*see* Def.'s Op. Br. at 19-24; *see also* Def.'s Op. Br. Ex. B at B-118 – 126 (the Court's jury instructions explaining that in order to convict Plaintiff of forcibly resisting arrest and assault the jury had to find that Individual Defendants Leo, David, Thomas and Denney were each "engaged in the performance of their official duties")).[2]

Plaintiff's *Bivens* claims are also barred by *Heck* because Plaintiff alleges that the first

---

[2]In *Span*, as here, the defendants were convicted of assaulting a federal officer in violation of 18 U.S.C. § 111.  The defendants in *Span* appealed their convictions arguing that the district court's instruction as to the requirement that the officer had to be acting in the good faith performance of his official duties did not allow the jury to consider whether the defendants acted in self defense.  *Span*, 970 F.2d at 580.  The court rejected this argument, holding, "The district court's instruction stated that officers engaged in good faith performance of their duties may not be forcibly resisted.  An officer who uses excessive force is not acting in good faith.  Contrary to the Spans' argument, the instruction does not require an arrestee to submit passively to an unprovoked beating." *Id.* at 581.  Likewise, here, the jury that sat for Plaintiff's criminal trial would have had to have acquitted Plaintiff if it found that the officers used excessive force and therefore were not acting in the good faith performance of their duties.  Instead, the jury implicitly rejected Plaintiff's excessive force claim and found Plaintiff guilty of resisting and assaulting the officers.

3

officer Plaintiff saw failed to identify himself as a police officer, and that Plaintiff then "ran with

fear and for the safety of life, family, and property," and if believed, those allegations would

necessarily imply the invalidity of Plaintiff's convictions. *See, e.g.*, *United States v. Goodwin*,

440 F.2d 1152, 1156 (3d Cir. 1971) (stating that a defendant has an affirmative defense to

charges under 18 U.S.C. § 111 if he "neither knows nor should know that he is being arrested and

reasonably believes that he is being subjected to a hostile attack against his person"); (*see*

*also* Def.'s Op. Br. at 24-26). Because Plaintiff "makes allegations that are inconsistent with

[his] conviction's having been valid, *Heck* steps in and bars his civil suit." *Okoro v. Callagham*,

324 F.3d 488, 490 (7th Cir. 2003) (citing *Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997)).

The "theoretical possibility" that Plaintiff could have stated a claim without the inconsistent

allegations is not relevant. *Id.*

### A.  Plaintiff's "Statement Of Disputed Issues" Does Not Identify Any Genuine Issues Of Material Fact.

In response to the Individual Defendants' Motion, Plaintiff points to what he claims are

six genuine issues of material fact that preclude summary judgment. (Pl.'s St. ¶¶ 1-6.) Plaintiff

is wrong.

For example, Plaintiff claims that whether he "offered any resistance or disobedience" to

the Individual Defendants "before they assaulted and failed to protect him," "before they opened

the doors of [Plaintiff's] home," and "when they entered [Plaintiff's] home," are all genuine

issues of material fact in dispute. (*Id.* ¶¶ 1-3.) In fact, however, the jury that convicted Plaintiff

found beyond a reasonable doubt that Plaintiff forcibly resisted and assaulted Individual

Defendants Leo, David, Thomas, and Denney. (*See* Def.'s Op. Br. at 5.) Plaintiff cannot attempt

4

to prove otherwise in a civil suit while his convictions remain valid. *See Heck*, 512 U.S. at 487.

Next, Plaintiff claims that whether "Leo's and David's actions in effectuating plaintiff's arrest were objectively reasonable" are genuine issues of material fact in dispute. (Pl.'s St. ¶ 4.) But jury that convicted Plaintiff found that Plaintiff assaulted the officers – not, as Plaintiff clearly tried to argue in the criminal trial, that the officers assaulted him. The jury also found that Leo and David were acting in the performance of their official duties and, necessarily, that they did not use excessive force to arrest Plaintiff. (*See* Def.'s Op. Br. at 16-17); *see also Span*, 970 F.2d at 581. Moreover, had Plaintiff thought that he had convinced the jury that the officers used excessive force then he should have requested a self-defense instruction.[3] The jury's finding that Individual Defendants Leo, David, Thomas and Denney did not use excessive force controls in civil suits brought by Plaintiff while his convictions remain valid.

Similarly, Plaintiff's claim that there is a genuine issue as to "[w]hether the force utilized by the defendants against plaintiff was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm" (Pl.'s St. ¶ 5) must fail because the jury that convicted Plaintiff found beyond a reasonable doubt that the Individual Defendants Leo, David, Thomas, and Denney did not use excessive force to arrest Plaintiff. (*See* Def.'s Op. Br. at 16-17, 21-22); *supra* at 3. Plaintiff's claim that there is a genuine dispute as to whether his injuries were caused by the Individual Defendants' "purposeful use of unnecessary force," (Pl.'s

---

[3]As the Individual Defendants explained in their Opening Brief, the fact that Plaintiff chose to forego an explicit self-defense instruction does not mean he can have another opportunity to litigate that issue here. *See, e.g.*, *Cummings v. City of Akron*, 418 F.3d 676, 684 (6th Cir. 2005) ("Cummings' only defense to the assault charge against him would have been to claim that the officers used excessive force. Cummings did not make such an argument, instead pleading no contest to assaulting Vaughn. It is for this reason that *Heck* bars Cummings' Fourth Amendment excessive force claim from moving forward in the instant lawsuit.").

St. ¶ 6), must be rejected for the same reason.

Because Plaintiff failed to point to "specific facts showing that there is a genuine issue for trial," the Court should grant summary judgment in favor of the Individual Defendants. *See* FED. R. CIV. P. 56(e); *Celotex Corp.*, 477 U.S. at 323.

### B. Plaintiff's Affidavit Also Does Not Identify Any Genuine Issues Of Material Fact.

Plaintiff also submitted an Affidavit in response to the Individual Defendants' Motion, in which he tells a story similar to what he alleged in the Complaint, and similar to what Plaintiff told the jury during his criminal trial. For example, Plaintiff claims in his Affidavit that "[c]ontrary to the defendants' moving papers to dismiss my complaint, during the events described in this affidavit, I did not resist or threaten the officers in any fashion. Rather, I was thrown to the floor and curled up in a ball in an attempt to protect my face, body, and legs from the defendants' vicious blows and kicks." (Pl.'s Aff. ¶ 17; *compare* Compl. ¶¶ 16-17.) As explained in the Opening Brief, the jury that convicted Plaintiff rejected those allegations, finding instead, beyond a reasonable doubt, that Plaintiff forcibly resisted and assaulted Individual Defendants Leo, David, Thomas, and Denney. (*See* Def.'s Op. Br. at 16-17.) Because Plaintiff's convictions remain valid, the jury's findings control in this civil suit.

Plaintiff's Affidavit also adds two new allegations that completely contradict the story Plaintiff told in his Complaint. In his Affidavit Plaintiff claims that, after he was handcuffed, "David unnecessarily kicked me in the face," Leo struck him in the face, and Plaintiff was then transported to Christiana Hospital. (Pl.'s Aff. ¶¶ 11-12, 14.) In his Complaint, on the other hand, Plaintiff alleged that he was "handcuffed while still unconscious" and "woke and found

himself in his underwear and transported to the emergency entrance of the 'Christiana Hospital' .

. . ." (Compl. ¶ 19.)  As explained below, Plaintiff's contradictory allegations do not create a

genuine issue of material fact.

"It is well-established that 'parties to summary judgment cannot create sham issues of

fact in an effort to defeat summary judgment' and that 'a district court may grant summary

judgment where a party's sudden and unexplained revision of testimony creates an issue of fact

where none existed before.'"  *Marathon Ashland Petroleum, LLC. v. Intern. Broth. of Teamsters*,

300 F.3d 945, 951 (8th Cir. 2002) (quoting *Am. Airlines, Inc. v. KLM Royal Dutch Airlines, Inc.*,

114 F.3d 108, 111 (8th Cir. 1997)); *see also Shabazz v. Pico*, 994 F. Supp. 460, 470 (S.D.N.Y.

1998) (collecting cases).

In *Shabazz*, the plaintiff brought a § 1983 action alleging excessive force and repeatedly

made inconsistent allegations in his complaint, at his deposition, and in his opposition papers in

an attempt to survive summary judgment.  994 F. Supp. at 470.  The court rejected those tactics

and granted summary judgment for the defendant, holding, "Plaintiff . . . may not 'create a

material issue of fact by submitting . . . affidavit[s] disputing his own prior sworn testimony' in

order to defeat defendants' summary judgment motion. . . .  To rule otherwise would 'greatly

diminish the utility of summary judgment as a procedure for screening out sham issues of fact.'"

*Id.* (citations omitted).

Here, just like in *Shabazz*, Plaintiff is trying to survive summary judgment by changing

his sworn testimony.[4]  Just like in *Shabazz*, Plaintiff's tactics should be rejected.  In his

_____

[4]This is not the first time Plaintiff has changed his sworn testimony in these proceedings.
For example, during his criminal trial Plaintiff testified under oath that he "knew" when he saw
the Individual Defendants outside his house that they were "police officers or law enforcement

Complaint, Plaintiff claimed that Deputy Marshal Leo beat him so badly that he was rendered

unconscious, that Plaintiff was handcuffed "while still unconscious," and that Plaintiff woke to

find himself "transported to" Christiana Hospital.  (Compl. ¶ 19.)  In his Affidavit, Plaintiff now

claims that he woke while he was handcuffed and, before he was taken to the hospital, Deputy

Marshal David kicked him in the face and Deputy Marshal Leo struck him in the face.  (Pl.'s Aff.

¶¶ 11-12, 14.)  Because Plaintiff fails to explain the sudden change in his testimony, the Court

should reject Plaintiff's Affidavit and grant summary judgment.  *See Marathon Ashland*

*Petroleum*, 300 F.3d at 951.

        Even if the Court were to consider the new allegations in Plaintiff's Affidavit – which it

should not do – those allegations still are not enough to save Plaintiff's Complaint from

dismissal under *Heck*.  Many courts have barred excessive force claims pursuant to *Heck* when

those claims are "inextricably intertwined" with the same events that led to the plaintiff's

conviction for assaulting the police.  *See, e.g.*, *Garrison v. Porch*, No. 04-1114 (NLH), 2007 WL

776799, at *7 (D.N.J. Mar. 9, 2007); *Woods v. Cashier*, No. 0:05-2211-DCN-BM, 2006 WL

2385275, at *8 (D.S.C. Aug. 17, 2006); *see also Cummings*, 418 F.3d at 682-83 (barring

excessive force claims pursuant to *Heck* because the "struggle between Cummings and the

officers gave rise to both Cummings' assault conviction and the excessive force claim, and the

two are inextricably intertwined").

        For example, in *Woods*, the plaintiff claimed that police officers used excessive force

because they allegedly "kicked, punched, struck and beat" him after he was handcuffed, and that

_____

officers" there to arrest him because he was a fugitive (*see* Def.'s Op. Br. Ex. B at B-38-39), yet
swore in his Affidavit that was "afraid" because he thought the Individual Defendants were
"home-invaders" masquerading as police, (*see* Pl.'s Aff. ¶ 6).

one officer "applied a tasor device" after the plaintiff's legs were shackled. *Woods*, 2006 WL

2385275, at *2. The plaintiff was ultimately convicted of forcibly resisting the officers. *Id.* at

*8. In deciding whether plaintiff's excessive force claims were barred by *Heck*, the court

considered the testimony from the plaintiff's criminal trial, which indicated that the plaintiff "not

only physically assaulted the arresting officers initially, but that he continued to struggle against

the officers even after he was in restraints and then even as officers were trying to place him in

the police car for transport." *Id.* The court concluded that the plaintiff's excessive force claims

were barred by *Heck* because "[i]n the case at bar, the struggle between Plaintiff and the

Defendants continued throughout, and gave rise to both Plaintiff's resisting arrest with violence

conviction and his excessive force claim. Therefore, 'the two are inextricably intertwined.'"

*Id.* (quoting *Cummings*, 418 F.3d at 682); *see also Porch*, 2007 WL 776799, at *7 (dismissing

excessive force claims that were inextricably intertwined with the facts giving rise to the

plaintiff's convictions for assaulting and resisting the police) (citing *Jennings v. Fetterman*, No.

06-1058, 197 Fed. App. 162, 163 (3d Cir. Aug. 15, 2006)).

    Here, just like in *Woods*, the testimony from Plaintiff's criminal trial – which the jury

relied upon to convict Plaintiff – demonstrates that the struggle with Plaintiff continued even

after Plaintiff was handcuffed:

> Q:    . . . . After the handcuffs are put on to the defendant, did he stop struggling?
>
> A:    No.
>
> Q:    What did he do?
>
> A:    Continued to kick his legs, attempted to try to get up. We again had to try and contain and control him. So we held his legs. I asked for someone to retrieve a set of what we call full restraints from my vehicle, which includes leg irons.

9

Q:      And did someone in fact bring leg irons?

A:      Yes.

Q:      And by the way, as far as procedure, is that something that you always do, put leg irons on people?

A:      Not typically, no.

Q:      And why were they brought out in this case then?

A:      Because the defendant was completely out of control.

Q:      Were you able to get the leg irons on the defendant?

A:      Yes.

Q:      How long did it take?

A:      It took some time.

Q:      How long is some time?

A:      From the time we attempted to start to put them on, maybe 30-45 seconds.

Q:      And what was the defendant doing during that time?

A:      Struggling, moving his legs, attempting to get up.

Q:      At some point, they were put on, however?

A:      Yes.

Q:      And did the defendant, having been handcuffed – and that was behind his back; correct?

A:      Correct.

Q:      (Continuing): – and having been leg cuffed, at that point did the defendant stop struggling?

A:      No.

10

Q:      He didn't. What did he do?

A:      He continue[d] to do try and get up, move about the floor.

(*See* Def.'s Op. Br. Ex. B at A-120-21 (testimony of Deputy Marshal David ); *see also id.* at A-179-80 (testimony of Supervisor Denney (same)); *id.* at A-200 (testimony of Marshal Thomas (same)); *id.* at A-231-33 (testimony of Deputy Marshal Leo (same)).)

Accordingly, just like in *Woods*, the evidence the jury relied on to convict Plaintiff indicates that Plaintiff continued to resist and assault the officers even after he was handcuffed. Accordingly, Plaintiff's claim that the Individual Defendants used excessive force in subduing Plaintiff after he was handcuffed is barred by *Heck* because the claim is inextricably intertwined with the same facts that led to the jury to conclude that Plaintiff was guilty of forcibly resisting and assaulting Individual Defendants Leo, David, Thomas, and Denney (and the jury's necessary conclusion that the Individual Defendants did not use excessive force in subduing Plaintiff). Accordingly, Plaintiff's Complaint should be dismissed.

**C.      The Cases Plaintiff Cites Are Distinguishable.**

In his Opposition Brief, Plaintiff points to a number of cases he claims support the survival of his *Bivens* claims.  As explained below, Plaintiff is wrong.

First, Plaintiff points to *Nelson v. Jashurek*, 109 F.3d 142 (3d Cir. 1997), even though the Individual Defendants explained in their Opening Brief why *Nelson* is distinguishable.  In *Nelson*, the plaintiff had been convicted in state court of resisting arrest (not assault, like here). Under Pennsylvania law, to convict Nelson the jury had to find that Nelson "employ[ed] means justifying or requiring *substantial force* to overcome the resistance."  *Nelson*, 109 F.3d at 145 (quoting 18 Pa. Cons. Stat. Ann. § 5104 (West 1983)).  The Third Circuit assumed that the

11

jury that convicted Nelson had found that the officer was justified in using "substantial force," but held that the jury had no reason to consider whether the officer used "'substantial force' which is objectively reasonable [or] 'substantial force' which is excessive and unreasonable." *Id.* Accordingly, the court held that Nelson could attempt to prove in his civil case that the officer used excessive force without casting doubt on his criminal conviction. *Id.* at 146.

This case is distinguishable from *Nelson*. Here, the jury in Plaintiff's criminal case, in order to convict Plaintiff of forcibly resisting and assaulting the officers, had to find that Individual Defendants Leo, David, Thomas, and Denney were "engaged in the performance of their official duties" (i.e., that they did not use excessive force) when Plaintiff resisted and assaulted them. (*See* Def.'s Op. Br. at 16-17; *see also Span*, 970 F.2d at 581; Def.'s Op. Br. Ex. B at B-122 (court's jury instructions) ("The third element the Government must prove beyond a reasonable doubt is that at the time of the alleged assault, the federal officer was engaged in the performance of his official duties.").) For all these reasons, *Nelson* does not apply here.[5]

A Third Circuit case which does apply here is the court's unpublished decision in *Jennings v. Fetterman*, No. 06-1058, 197 Fed. App. 162 (3d Cir. Aug. 15, 2006). In *Jennings*, the plaintiff and an officer engaged in a shootout, after which the plaintiff was convicted of attempted homicide of the officer. *Id.* at 164. The plaintiff, Jennings, then sued the officer, Dawley, claiming that Dawley used excessive force when he shot at him. *Id.* The court agreed that Jennings' excessive force claim was barred by *Heck* because "Jennings' attempted homicide

---

[5]Also important is that fact that the § 1983 plaintiff in *Nelson* had only been convicted of resisting arrest, unlike here where Plaintiff was convicted of forcibly resisting <u>and</u> assaulting the officers. *See Porch*, 2007 WL 776799, at *5 (distinguishing *Nelson* because in *Nelson* the plaintiff had only been convicted of resisting arrest, not assaulting the police).

conviction necessarily meant that the jury had rejected Jennings' theory that he had shot at

Dawley in self defense."  *Id.*  Here, just like in *Jennings*, Plaintiff's conviction means that the

jury rejected Plaintiff's claim that he was defending himself from the officers' use of excessive

force.  *See, e.g.*, *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) ("Because self-defense is a

justification defense to the crime of battery of an officer, Hudson's claim that [defendants] used

excessive force while apprehending him, if proved, necessarily would imply the invalidity of his

arrest and conviction for battery of an officer.").[6]

Plaintiff also points to *Simpson v. City of Pickens*, 887 F. Supp. 126 (S.D. Miss. 1995),

but that case also does not apply.  In *Simpson*, the plaintiff bringing the § 1983 action had only

been convicted of resisting arrest; here the Plaintiff was convicted of forcibly resisting *and*

assaulting the officers.  *Simpson*, 887 F. Supp. at 130.  Moreover, in *Simpson* the court held that

under Mississippi law, it was "possible for a finding that Simpson was resisting arrest to coexist

with a finding that the police used excessive force to subdue him," *id.*, whereas in this case, the

jury's finding that Plaintiff forcibly resisted and assaulted the officers cannot possibly coexist

with a finding that the officers used excessive force when they arrested Plaintiff.  Thus,

*Simpson* does not apply.

Plaintiff also points to *Smithart v. Towery*, 79 F.3d 951 (9th Cir. 1996), but that case also

does not apply.  In *Smithart*, the § 1983 plaintiff was previously convicted of assaulting police

officers with a deadly weapon when he drove his truck at them.  *Smithart*, 79 F.3d at 952.

---

[6]*See also United States v. Kimes*, 246 F.3d 800, 809 (6th Cir. 2001) (suggesting that a
person can assert self-defense in response to charges under 18 U.S.C. § 111); *United States v.
Heliczer*, 373 F.2d 241, 248 (2d Cir. 1967) (same).  Plaintiff obviously was not very confident
that he had convinced the jury that he acted in self-defense because he (through his attorney)
explicitly declined a self-defense instruction.  (*See* Def.'s Op. Br. at 16-17.)

Smithart alleged that *after* the police stopped his truck they removed him from the vehicle and

beat him "beyond recognition with unnecessary force." *Id.* Thus, Smithart alleged that the

police used unnecessary force during his arrest, whereas his assault conviction was based on facts

that occurred prior to his arrest. Under these circumstances, the court allowed Smithart's § 1983

action to proceed. Here, on the other hand, Plaintiff alleges that the Individual Defendants used

excessive force during the same course of events that led to Plaintiff's convictions for forcibly

resisting and assaulting the officers. Thus, Plaintiff's convictions and his allegations of

excessive force are inextricably intertwined, and the allegations are barred by *Heck*.[7]

     Because all of the cases that Plaintiff cites are clearly distinguishable, the Individual

Defendants are entitled to summary judgment.[8]

### D.    Plaintiff's Failure-To-Protect Claims Must Also Be Dismissed.

     Plaintiff only alleges that two Defendants – Deputy Marshals Leo and David – actually

used any force against him at all. As to the Defendants who, by Plaintiff's own admission, did

not lay a hand on him, his claim against them could only be based on an allegation that they

---

[7]Plaintiff also cites *Shamaeizadeh v. Cunigan*, 182 F.3d 391 (6th Cir. 1999) and *Braxton v. Scott*, 905 F. Supp. 455 (N.D. Ohio 1995), but both those cases are completely inapplicable. *Shamaeizadeh* examined how statutes of limitations apply to cases potentially barred by *Heck*. *Broxton* examined whether a Fourth Amendment claim alleging an arrest and search without probable cause would be barred by *Heck*.

[8]The Individual Defendants also pointed out in their Opening Brief that for the same reasons that Plaintiff's *Bivens* claims are barred by *Heck*, those claims are also subject to dismissal based on issue preclusion. (Def.'s Op. Br. at 26 n.7 & 27 n.8); *Ballard v. Burton*, 444 F.3d 391, 397 (5th Cir. 2006) (explaining that the *Heck* "principle is another manifestation of the doctrine of issue preclusion or collateral estoppel, i.e., the policy of finality that prevents the collateral attack of a criminal conviction once the matter has been litigated"). Plaintiff has no response.

failed to intervene to prevent the alleged use of excessive force.[9]  As the Individual Defendants

explained in their Opening Brief however, the jury's finding that it was Plaintiff who committed

the assault – and not the officers who used excessive force – precludes a failure-to-intervene

claim against the uninvolved Defendants.  (*See* Def.'s Op. Br. at 24; *Holder v. Ivanjack*, 93 F.

Supp. 2d 933, 941 (N.D. Ill. 2000) (finding excessive force claim barred by *Heck* and also

dismissing failure-to-protect claim: "However, the defendants argue that Holder has failed to

establish that DeRosa and Rodriquez failed to protect him because there were no unlawful acts

from which he needed protection.  The court agrees.").)  Accordingly, Plaintiff's Complaint

should be dismissed.

---

[9]It is worth noting that there is no factual allegation in the Complaint that these other
Defendants ever had an opportunity to prevent the alleged use of excessive force against
Plaintiff.  *See Smith v. Mensinger*, 293 F.3d 641, 651 (3d Cir. 2002) ("However, an officer is
only liable if there is a realistic and reasonable opportunity to intervene.").

## CONCLUSION

For the foregoing reasons, the Individual Defendants are entitled to summary judgment, and Plaintiff's Complaint should be dismissed.

DATED: March 29, 2007.

Respectfully Submitted,

COLM F. CONNOLLY
United States Attorney

By:____/s/ Seth M. Beausang_____
Seth M. Beausang (I.D. No. 4071)
Assistant United States Attorney
The Nemours Building
1007 Orange Street, Suit 700
Wilmington, DE 19801
(302) 573-6277

**CERTIFICATE OF SERVICE**

I, Seth M. Beausang, hereby attest under penalty of perjury that on this 29th day of March, 2007, I caused two copies of the Individual Defendants' Motion to Dismiss, Opening Brief in Support Thereof and Proposed Order to be served on the Plaintiff by First Class Mail at the following address:

Nelson Lora-Pena
I.D. No. 03883-070
U.S.P. Canaan
P.O. Box 300
Waymart, PA 18472

and a copy to be served on the following counsel at the following address:

Stephani J. Ballard
Delaware Department of Justice
820 North French Street
Wilmington, DE 19801


_____/s/ Seth M. Beausang_____
Seth M. Beausang (DE I.D. No. 4071)