IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NELSON LORA-PENA,<br>  Plaintiff<br><br>vs.<br><br>FEDERAL BUREAU OF INVESTIGATION et al.<br>  Defendants | Civil No. 06-442-SLR |

MOTION TO EXCLUDE FROM SUMMARY JUDGMENT CONSIDERATION
DEFENDANT'S LETTER OF MAY 8, 2007

   Now comes plaintiff and hereby requests that this Honorable Court, in its consideration of defendant's motion for summary judgment, exclude from consideration defendants' letter and exhibit dated May 8, 2007, as it was not properly submitted to the court; defendant did not request that it be filed and it may not have been filed; it was not made as part of an amended motion or as part of a request that an amended motion be allowed; it was not put into the proper format; it was not timely; it was not put in affidavit form, which is specifically rquired under Rule 56; and it may tread upon the procedural safeguards which give plaintiff time to respond adequately to its arguments and baseless conclusions.
   In the alternative, if the court allows defendants' letter and exhibit to be made a part of the record for consideration in support of defendants' summary judgment motion, plaintiff requests that the letter be properly documented and filed so that it will be part of any appeal of plaintiff's which might be forthcoming should the summary judgment be allowed.
   Plaintiff, in response to defendant's letter and exhibit of May 8, 2007, hereby states and affirms under oath that he does not contest his conviction of his criminal charges related to this case; his contention is that the law enforcement defendants in this case used force far in excess of what was legally needed, required, and allowed by law and thereby violated plaintiff's civil rights and caused him damage. This allegation (which was made directly or by clear implication in paragraphs 1, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26 and 27 of his complaint), establishes the genuine issue of material fact which is needed to take the case forward, and defeats the government's argument for summary judgment.
   Finally, defendants state in their letter of May 8, 2007 that Heck v. Humphrey (512 U.S. 477) applies to this case.  It doesn't.  Defendants argue that if plaintiff used excessive force, plaintiff would have had the right to defend himself.  But plaintiff's complained-of actions in the criminal action occurred before the defendants began using the excessive and unlawful force which is the basis of this action.  Thus, Heck doesn't apply.
   Signed under the penalties of perjury on May 14, 2007.

_____
Nelson Lora-Pena

Certificate of Service

I, Nelson Lora-Pena, hereby certify that I sent a copy of the above motion/affidavit to Mr. Seth B. Beausang, AUSA, U.S. Attorney's Office, 1007 N. Orange St, Suite 700, Wilmington, DE 19801 via first-class mail, postage prepaid, on May 15, 2007.

_____
Nelson Lora-Pena



Nelson Lora-Pena
U.S.P. - Canaan, #03883-070
P.O. Box 300
Waymart, PA 18472

LEGAL MAIL

Clerk
U.S. District Court
U.S. Courthouse (Lockbox 44)
844 King St.
Wilmington, DE 19801

SCRANTON PA 185
16 MAY 2007 PM 1 L